## AUGUSTUS T. JOHNSON *et al.*

*v.*

## ANNING O. CAMPBELL *et al.*

1. LEGISLATURE—*power of—to authorize taxation in order to refund money raised by subscription to pay bounties to volunteers.* While the legislature cannot authorize taxation, in order to raise money to be used for purposes which cannot reasonably be considered corporate, yet, it has the undoubted power to authorize taxation, for the purpose of refunding money raised to pay bounties to volunteers, and which was raised by subscription, on the faith that the money so advanced for such purpose would be refunded.

2. STATUTE—*act of January 18th, 1865—authorizing taxation to pay bounties to volunteers.* The act of January 18, 1865, authorizing taxation for the payment of bounties to volunteers, recognizes, as a binding debt, the bonds which a town may have issued to volunteers in payment of bounties and in lieu of money, the same as the fund raised by subscription for such purpose, and authorizes taxation for their payment.

APPEAL from the Circuit Court of Ogle county; the Hon. W. W. HEATON, Judge, presiding.

This was a bill in chancery, filed in the court below by the appellees, Anning O. Campbell, Franklin O. Smith and William Lockwood, against the appellants, Augustus T. Johnson, James R. Sansor, and John L. Kasier, to enjoin the collection of a tax, levied to pay indebtedness incurred on account of bounties paid to volunteers, to fill the quota of the town of Byron, and which tax was authorized by the act of January 18th, 1865, p. 100, Private Laws. Upon the hearing, the court rendered a decree enjoining the collection of the tax, to reverse which, the record is brought to this court by appeal.

Messrs. Edsall & Crabtree, for the appellants.

Mr. George C. Campbell, for the appellees.

Mr. Justice Lawrence delivered the opinion of the Court:

This case is substantially like that of *The People* v. *Sullivan*, 43 Ill. 413. The only difference we observe is, in that, the subscription was made under the act of February 2, 1865, p. 102, Private Laws, while in this, it was made under the act of January 18, 1865, p. 100, Private Laws. In both cases, the town was authorized to levy a bounty tax, and in both it was necessary, in order to secure the objects of the law, that money should be raised by subscription in advance of its collection by the tax. In both cases, a town meeting voted to levy a tax, and the money advanced by individuals upon the faith of such vote, was recognized by the town authorities as a binding debt, and provision made for its payment, as was expressly authorized by the act of January 18th, 1865.

While the legislature cannot authorize a town to levy a tax for the purpose of raising money to be bestowed as a private gratuity, or used for any purpose that cannot reasonably be considered corporate, on the other hand, we must recognize its power to authorize taxation in order to refund money

advanced by individuals for the public welfare, in a pressing emergency, upon an understanding for re-payment, and which the town is under the same moral obligation to repay that it would be if it had issued its bonds.   Indeed, in the case before us, the town issued its bonds to such of the volunteers as did not insist upon the money, and that portion of the tax levied for the payment of the bonds is not enjoined.   Yet, the moral obligation to pay the bond issued to one volunteer, and to return the money advanced to the town to secure another, is, in our judgment, precisely the same, and the legislature, in the act of January 18th, authorized the town to recognize both as binding debts, and levy a tax for their payment.

The decree of the circuit court is reversed and the cause remanded.

*Decree reversed.*